**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                   No. 3:15-cr-30142-DRH

ANTHONY D. BRADLEY

     Defendant.

**ORDER**

**HERNDON, District Judge:**

This matter is before the Court on the defendant's Motion in *Limine* (Doc. 45). The defendant asks the Court to bar any victim impact statements, testimony, or other evidence at sentencing regarding the fact that the defendant is a suspect in the murder of Marzell Travis. Defendant contends any such evidence should not be considered because it is unreliable, involves uncharged conduct, is too remote in time, and/or involves victim impact statements from individuals who are not victims of the offense for which defendant is being sentenced.

The government has indicated that it intends to introduce evidence through Illinois State Police Special Agent Benjamin Koch that the defendant is a suspect in the murder of Marzell Travis as part of its argument for a higher sentence based upon the §3553(a) factors, specifically those involving the defendant's history and characteristics, the need for the sentence imposed to afford adequate deterrence, and the need for the sentence imposed to protect the public from

further crimes of the defendant.[1] The government contends the evidence it expects

to introduce, through Special Agent Koch and victim impact statements from the

relatives of Marzell Travis, is sufficiently reliable and is permissible at sentencing.

The Court agrees with the government. Title 18, United States Code,

Section 3661, provides that "[n]o limitation shall be placed on the information

concerning the background, character, and conduct of a person convicted of an

offense which a court of the United States may receive and consider for the

purpose of imposing an appropriate sentence." 18 U.S.C. §3661. With regard to

the matters in issue here, the Seventh Circuit's recent opinion in *United States v.*

*Salutric*, 775 F.3d 948 (7th Cir. 2015) is instructive:

> In arriving at an appropriate sentence, a sentencing judge necessarily
> must consider not only the offense of conviction but the defendant's
> broader criminal record and history. *See* § 3553(a)(1) & (2); *United*
> *States v. Hankton,* 432 F.3d 779, 789–90 (7th Cir.2005) (quoting
> *United States v. *952 Hardamon,* 188 F.3d 843, 849–50 (7th
> Cir.1999)). Uncharged criminal acts (and the injuries inflicted upon
> the victims of those acts) have a bearing on whether the offense of
> conviction was an aberration or part of a larger pattern of criminal
> behavior, the likelihood of the defendant re-offending, and the need
> for specific deterrence. *See, e.g., United States v. Laraneta,* 700 F.3d
> 983, 987 (7th Cir.2012).

*Salutric*, 775 F.3d at 951-52.

Further, it is well established that this Court is not constrained by the rules

of evidence at sentencing. *See* U.S.S.G. § 6A1.3 (sentencing judge "may consider

relevant information *without regard to its admissibility under the rules of*

*evidence applicable at trial,* provided that the information has sufficient indicia of

---

[1] The government has provided the defendant with discovery related to this evidence and with a summary of the
Special Agent's expected testimony.

reliability to support its probable accuracy.") (emphasis added). Of course, "due process requires that the defendant be sentenced on the basis of reliable information, which in turn entitles him to a reasonable opportunity to rebut any presentence information that he believes to be inaccurate." *Salutric,* 775 F.3d at 952. Here, the defendant offers nothing other than bare assertions that the expected evidence is unreliable. Moreover, the defendant has been given notice regarding the expected testimony and will have an opportunity to refute any information that he believes to be inaccurate.

Accordingly, for the reasons stated herein, the defendant's Motion in *Limine* (Doc. 45) is **DENIED.**

**IT IS SO ORDERED.**

Signed this 11th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.11 14:04:16 -05'00'

**United States District Judge**