IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　No. 15-cr-30142-DRH

**ANTHONY D. BRADLEY**

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Bradley's motion to restructure his sentence pursuant to 18 U.S.C. § 3585(b). Specifically, Bradley moves the Court to credit his sentence with time spent in official detention beginning on May 30, 2016. *See* doc. 78 at 2. The Court dismisses the motion for want of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). Here, final judgment was entered on March 23, 2017 (doc. 71) and no statute or rule exists that allows the Court to hear this motion. To the contrary, Seventh Circuit law is clear that district courts do not have jurisdiction to hear motions under section 3585(b), providing for credit for prior custody. *See United States v. Strickland*, 310 F. App'x 32, 34 (7th Cir. 2009).

In *Strickland*, a prisoner asked the district court to amend his sentence for credit served under section 3585(b), six months after judgment was entered. *Id.* at 33. The Court of Appeals explained that "after a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *Id.* at 34, *quoting United States v. Wilson*, 503 U.S. 329, 335 (1992). "At that point, only the Attorney General has the authority under § 3585(b) to grant credit for time served before sentencing." *Strickland*, 310 F. App'x at 34. Accordingly, the Seventh Circuit held that the district court lacked jurisdiction under section 3585(b) to decide whether Strickland should be credited with time served in prior custody. *Id.*

The facts are the same in the underlying matter. Only the Attorney General can grant credit for time served prior to sentencing. Accordingly, the Court lacks jurisdiction to decide this motion.

Therefore, the Court **DISMISSES for want of jurisdiction** Bradley's motion to restructure his sentence pursuant to 18 U.S.C. § 3585(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.01
17:03:27 -05'00'

United States District Judge